E.J. NOVAK and Debra
Studer, Plaintiffs,

v.

NATIONAL BROADCASTING COMPA-
NY, INC., NBC Productions, Inc., Bran-
don Tartikoff, Broadway Video, Inc.,
Lorne Michaels, Dinah Minot, and Don
Novello, Defendants.

No. 88 Civ. 5380 (RWS).

United States District Court,
S.D. New York.

Jan. 6, 1992.

See also, 760 F.Supp. 47.

MEMORANDUM OPINION

SWEET, District Judge.

The defendants' claim for attorneys fees and costs based upon 17 U.S.C. § 505 is denied.

The defendants base their motion on the pro se plaintiffs' claim based upon the submission and contents of what has been termed in the patois of this litigation the Michaels/Minot tapes. This turns upon the circumstances under which the tapes turned up, and the plaintiffs' actual knowledge prior to that time. This record fails to establish conclusively that the plaintiffs deliberately misrepresented the contents of these tapes as opposed to the wish being father to the thought.

As to the second prong for such a motion, that the claims were objectively without merit, the disposition of the summary judgment motions established some merit as to certain of the claims.

However, the matter does not end there, for the defendants invite sanctions under Rule 11 and 28 U.S.C. § 1927. Certainly, the record establishes that the plaintiffs were vexatious, impertinent and otherwise difficult. It is, however, difficult to establish the portions of this conduct which prolonged the proceedings. A review of the motions and depositions for such a purpose would be costly and difficult in view of the plaintiffs pro se status. A complicated satellite proceeding under these circumstances is inappropriate.

However, Rule 11, Fed.R.Civ.P., speaks in terms of writings signed as "well grounded in fact and is warranted by existing law ... and that it is not interposed ... to harass...." Here, the problem was that the plaintiffs, pro se, viewed their role as comedy writers more than as litigants in a federal copyright case. Their references to counsel for NBC as Laurel and Hardy were not only unseemly and unfunny, but intended to harass. The correspondence and submissions are replete with such references.

To make clear that federal litigation is no playground for comics, sanctions in the amount of $3,500 are imposed.

It is so ordered.